UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JAMARCUS HUDSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No.: 3:21-CV-238-TAV-DCP |
| TENNESSEE DEPARTMENT OF CORRECTION and BRIAN GOULDY, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will proceed only as to Plaintiff's Eighth Amendment claim against Defendant Gouldy.

I. **FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is a TDOC inmate, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income

exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a). To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General of the State of Tennessee, and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### III. ANALYSIS

In his complaint, Plaintiff alleges that on March 31, 2021, after he questioned a failure to feed another inmate, Defendant Officer Gouldy used abusive and racist language towards him before grabbing and twisting Plaintiff's forearm and hand and slamming a metal flap against his forearm and hand [Doc. 2 p. 4, 9]. Another officer arrived and told Defendant Officer Gouldy to stop, but Defendant Gouldy ignored the officer and then sprayed his "chemical agent" in Plaintiff's face [*Id.*]. Plaintiff has sued TDOC and Officer Gouldy and seeks "all appropriate law and remedies" and states that "damages shall be proven at trial" [*Id.* at 5, 9].

But Defendant TDOC is an arm of the State of Tennessee, and therefore is not a "person" subject to liability under § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State" and is not a person

3

within the meaning of § 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Accordingly, this Defendant will be **DISMISSED**.

However, as Plaintiff adequately alleges that Defendant Gouldy violated his rights under the Eighth Amendment by using excessive force against him, this claim will proceed herein.

IV. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General for the State of Tennessee, and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendant TDOC and this Defendant is therefore **DISMISSED**;

6. Accordingly, only Plaintiff's claim for violation of his Eighth Amendment rights against Defendant Officer Gouldy will proceed herein;

7. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Officer Gouldy;

8. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

9. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

10. Service on Defendant Officer Gouldy shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

11. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action may be dismissed;

12. Defendant Officer Gouldy shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If he fails to timely respond to the complaint, it may result in entry of judgment by default; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Officer Gouldy or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE