UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMARCUS HUDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:21-CV-238-TAV-HBG ) |
| BRIAN GOULDY, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner housed in the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding only as to his claim that Defendant Gouldy used excessive force against him in violation of his Eighth Amendment rights on March 31, 2021, while he was incarcerated in the MCCX [Doc. 4 p. 3–4; Doc. 2 p. 4]. Now before the Court is Defendant Gouldy's motion for summary judgment in which he asserts that Plaintiff failed to exhaust his available administrative remedies for this claim prior to filing his complaint, as the Prison Litigation Reform Act ("PLRA") requires [Doc. 9]. In support of this motion, Defendant Gouldy filed a declaration from the MCCX Grievance Chairperson Mark Avery [Doc. 9-1], a copy of Plaintiff's prison grievances [Doc. 9-2], TDOC's inmate grievance procedures [Doc. 9-3], a statement of material facts [Doc. 10], and a memorandum [Doc. 11]. Plaintiff did not timely respond to this dispositive motion, and he therefore waived any opposition to it. E.D. Tenn. LR 7.2; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978). For the reasons set

forth below, Defendant Gouldy's motion for summary judgment [Doc. 17] will be **GRANTED**,[1] and this action will be **DISMISSED without prejudice**.

I.     STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party did not respond. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court must, at a minimum, examine the motion to ensure that the movant has met its burden. *Id.* In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

---

[1] Defendant Gouldy also filed a motion for an extension of time to complete discovery that is pending [Doc. 16]. However, as Defendant Gouldy's motion for summary judgment will be granted, his motion for an extension of time to complete discovery [*Id.*] will be **DENIED as moot**.

2

## II. PROOF IN THE RECORD

In his sworn complaint, which the Court treats as an affidavit for purposes of summary judgment, *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (holding that a sworn complaint carries the same weight as an affidavit for purposes of summary judgment), Plaintiff states in relevant part that on April 2, 2021, he filed an emergency grievance regarding facts related to his complaint but "never heard anything in response" [Doc. 2 p. 2].

However, in support of his motion for summary judgment, Defendant Gouldy has filed an affidavit from the MCCX Grievance Chairperson Mark Avery in which he testifies that that Plaintiff has not filed any grievances while in the MCCX [Doc. 9-1 p. 1]. In support of this testimony, Mr. Avery filed a sworn copy of Plaintiff's grievance log showing that the only grievances Plaintiff has filed in prison were from 2020 during his incarceration the Northeast Correction Complex [*Id.*; Doc. 9-2 p. 1], as well as a sworn copy of the TDOC inmate grievance procedures [Doc. 9-1 p. 1; Doc. 9-3], which provide, among other things, that inmates are required to file a "legible and intact" grievance on form CR-1394 [Doc. 9-3 p. 2–3].

## III. ANALYSIS

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion"

3

of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

As set forth above, Defendant Gouldy has set forth sworn proof that Plaintiff did not file a grievance regarding his excessive force claim proceeding herein prior to filing his complaint in this action even though the TDOC grievance policy required him to do so. And while Plaintiff alleges in his sworn complaint that he filed an emergency grievance related to this claim on April 2, 2021 to which he did not receive a response, and the Court is cognizant that, where a prisoner properly files a grievance to which he does not receive a response, the Sixth Circuit has found the prisoner is deemed to have exhausted that remedy, *Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004), the Court finds that Plaintiff's conclusory statement that he filed an emergency grievance is insufficient to

4

establish that he properly filed that grievance for purposes of summary judgment. *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (providing that "conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment" (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Specifically, Plaintiff does not include any information about how he filed his emergency grievance or the contents of that grievance in his complaint, and, in response to Defendant Gouldy's summary judgment motion, Plaintiff has not come forward with any proof from which a reasonable jury could find that he properly filed that grievance. The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Accordingly, Defendant Gouldy is entitled to summary judgment due to Plaintiff's failure to exhaust his available administrative remedies prior to filing this action, as the PLRA requires.

### IV. CONCLUSION

For the foregoing reasons, Defendant Gouldy's motion for summary judgment [Doc. 9] will be **GRANTED**, his motion for an extension of time to complete discovery [Doc. 16] will be **DENIED as moot**, and this action will be **DISMISSED without**

**prejudice**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE